CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAY 24 2007
JOHN F. CORCORAN, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RUDOLPH LEE CRAWLEY, JR., ) | |
| Petitioner, ) | Civil Action No. 7:07-cv-00259 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| COMMONWEALTH OF VIRGINIA, ) | By: Samuel G. Wilson |
| Respondent. ) | United States District Judge |

Petitioner Rudolph Lee Crawley, Jr., a Virginia inmate proceeding pro se, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Crawley is challenging the September 15, 2005, revocation of a previously suspended sentence in the Circuit Court for the City of Danville. As grounds for relief, Crawley alleges ineffective assistance of counsel. The court finds that Crawley has failed to exhaust his available state court remedies and, therefore, dismisses his petition without prejudice.

I.

Crawley was convicted in the Danville Circuit Court on April 29, 1996, of statutory burglary and possession of cocaine. The court imposed a sentence of eight years, of which six years and three months were suspended. Crawley was thereafter paroled and then revoked on several occasions. Following the most recent revocation hearing, on September 15, 2005, the court ordered a sentence of four years and six months, with two years suspended. Crawley appealed the revocation, and that appeal is still pending in the Virginia Court of Appeals.

II.

A federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. Preiser v. Rodriguez, 411 U.S. 475 (1973). If the petitioner has failed to exhaust state court remedies, the federal court must dismiss the petition. Slayton v. Smith, 404 U.S. 53 (1971). In Virginia, a non-death row felon

ultimately must present his claim to the Supreme Court of Virginia and receive a ruling from that court, before a federal district court may consider his claims. See Va. Code §8.01-654. As Crawley's direct appeal is still pending, and as he has not yet filed a habeas corpus petition in the Supreme Court of Virginia challenging the latest revocation, the court dismisses Crawley's petition for failure to exhaust state court remedies.

### III.

The Clerk is directed to send a certified copy of this Memorandum Opinion and accompanying Order to the petitioner.

ENTER: This 23rd day of May, 2007.

United States District Judge